# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 8:07-cr-77-T-23MAP |
| vs. | USM NUMBER: 49342-018 |
| CARIDAD GONZALEZ | Defendant's Attorney: David Secular, pda |

THE DEFENDANT:

__X__   pleaded guilty to count ONE of the Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 641 | Theft of Government Monies | August 2006 | ONE |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: July 25, 2007

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: July 26th, 2007

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | CARIDAD GONZALEZ | Judgment - Page 2 of 6 |
| Case No.: | 8:07-cr-77-T-23MAP | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **FIVE (5) MONTHS.**

_X_ The court makes the following recommendations to the Bureau of Prisons: confinement at FCI Coleman, FL, or as near to Coleman as possible.

_X_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    _X_ within ten (10) days.
    _X_ as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

    Defendant delivered on _____ to _____

__ at _____, with a certified copy of this judgment.

                                                                    United States Marshal

                                By:_____
                                                Deputy United States Marshal

| | |
|---|---|
| Defendant: CARIDAD GONZALEZ | Judgment - Page 3 of 6 |
| Case No.: 8:07-cr-77-T-23MAP | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THIRTY-SIX (36) MONTHS**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

X    The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Defendant: CARIDAD GONZALEZ | Judgment - Page 4 of 6 |
| Case No.: 8:07-cr-77-T-23MAP | |

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

__X__   The defendant shall participate in the Home Detention program for a period of __FIVE (5) MONTHS__. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

__X__   The defendant shall participate in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency and follow the probation officer's instructions regarding the implementation of this court directive. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. Upon completion of a drug or alcohol dependency treatment program, the defendant is directed to submit to testing for the detection of substance use or abuse not to exceed 104 times per year.

__X__   The defendant shall participate in a mental health treatment program and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the costs of services for such treatment in an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

__X__   The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating herself for any major purchases without approval of the probation officer.

__X__   The defendant shall provide the probation officer access to any requested financial information.

__X__   If the defendant is deported, she shall not re-enter the United States without the express permission of the appropriate governmental authority, currently the United States Department of Homeland Security.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

| | | | |
|---|---|---|---|
| Defendant: | CARIDAD GONZALEZ | | Judgment - Page 5 of 6 |
| Case No.: | 8:07-cr-77-T-23MAP | | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | $ waived | $32,069.50 |

____ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

____ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Social Security Administration<br>Debt Management Section<br>Attention: Court Refund<br>P.O. Box 2862<br>Philadelphia, PA  19122 | $ | $32,069.50 | |
| **Totals:** | $ | $32,069.50 | |

____ Restitution amount ordered pursuant to plea agreement  $ _____.

____ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

____ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

____ the interest requirement is waived for the ____ fine  ____ restitution.

____ the interest requirement for the ____ fine  ____ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:     CARIDAD GONZALEZ            Judgment - Page 6 of 6
Case No.:     8:07-cr-77-T-23MAP

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.    X    Lump sum payment of $ **100.00** **(special assessment)** due immediately, balance due

            ___ not later than _____, or

            ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.    ___    Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.    ___    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.    ___    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.    ___    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.    X    Special instructions regarding the payment of criminal monetary penalties:

            **RESTITUTION: $32,069.50**. While in the Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his or her monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant shall pay restitution at the rate of **$50 per month**. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

   _    Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

   _    The defendant shall pay the cost of prosecution.

   _    The defendant shall pay the following court cost(s):

   X    The defendant shall forfeit the defendant's interest in the following property to the United States:

            a money judgment in the amount of $32,549.00 USD, attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 8:07-cr-77-T-23MAP |
| CARIDAD GONZALEZ | : |
| Defendant. | : |

## FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court on motion of the United States for entry of a Forfeiture Money Judgment as to defendant Caridad Gonzalez. The Court, being fully advised in the premises, finds that as a result of the Social Security fraud offense in violation of 18 U.S.C. § 641, for which the defendant has been found guilty as charged in Count One of the Indictment, the defendant obtained proceeds in the amount of $32,549.00 USD. Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the United States' motion is GRANTED.

It is FURTHER **ORDERED** that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 1341(c), and Fed. R. Crim. P. 32.2(b)(2), defendant Caridad Gonzalez is personally liable for a forfeiture money judgment in the amount of $32,549.00 USD, Social Security fraud offense in violation of 18 U.S.C. § 641, for which the defendant has been found

guilty as charged in Count One of the Indictment

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this ___26th___ day of ___July___, 2007.

_____
HON. STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Copies to:   Adelaide G. Few, AUSA
             Attorneys of record